No. 4927.

(Court of Appeal, Parish of Orleans.)

## B. M. EISERLOH vs. DENNIS SHEEN.

Bernard Bruenn for plaintiff and appellant.

Denegre & Blair for defendant and appellee.

DUFOUR, J.—The plaintiff sued defendant for damages resulting from an injury by the latter's driver to the former's mule; defendant's liability is not seriously disputed and is established by the evidence.

The sole question is as to the **quantum** of damages.

Plaintiff's original claim was for the alleged value of the mule, $280; for the loss of its use for thirty days, at $3 per day, $90, and for veterinary's fee, $2.

The mule was twelve years old and testified to as not worth more than $125, by defendant who had been handling them for forty years.

The District Judge evidently did not accept plaintiff's theory that mules, like wine, improve with age, and for both items originally sued for, awarded $210.

Sheen, after the accident, took the injured mule to his stables and cared for him; he then notified plaintiff to take his mule back, on June 4, 1907. He charges $124 for feeding the animal from the date of that notice until March, 1908, at which time Sheen found an opportunity of returning to Eiserloh's stable the mule he had declined to take back after tender.

Sheen's conduct was proper, and was meant to minimize the damage; the allowance of his claim was correct.

By supplemental petition, Eiserloh claims fifty cents

— 269 —

a day for care and feed of the mule from the date of its return to his stables; this is based on the theory that he abandoned the animal.

A claim of this nature is unwarranted on its face; when a party has received the value of his injured animal and the loss resulting from being deprived of its use for a reasonable time and during treatment, full compensation has been made.

He cannot, on the theory that his so-called abandonment has worked a transfer of ownership, keep an animal for two years as that of another, and pile up for payment by the other a bill of costs far exceeding the original value of the animal.

Common sense and common justice repudiates such a suggestion.

The judgment does substantial justice.

Judgment affirmed.

March 7, 1910.

Rehearing refused March 21, 1910.